## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 30 2015, 7:57 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Glenda Helton,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 30, 2015

Court of Appeals Case No.
36A01-1410-CR-438

Appeal from the Jackson Circuit Court

The Honorable Richard W. Poynter, Judge

Cause No. 36C01-1302-FB-1

**Najam, Judge.**

## Statement of the Case

Glenda Helton appeals the trial court's denial of her motion to withdraw her guilty plea. Helton raises a single issue for our review, namely, whether the trial court abused its discretion when it denied her motion. We affirm.

## Facts and Procedural History

On February 5, 2013, the State charged Helton with two counts of dealing in a controlled substance, each as a Class B felony, and one count of neglect of a dependent, as a Class D felony. According to the State, on February 10, 2012, a confidential informant purchased Oxymorphone from Helton. Helton had used her minor daughter as a courier to deliver the Oxymorphone to the confidential informant. The State further alleged that, on July 11, 2012, a confidential informant purchased Oxycodone from Helton.

On April 8, 2014, Helton entered into a plea agreement with the State in which she agreed to plead guilty to one count of dealing in a controlled substance, as a Class B felony, and neglect of a dependent, as a Class D felony. In return, the State agreed to dismiss the second Class B felony count for dealing in a controlled substance. Helton and the State also agreed that Helton's aggregate sentence would be ten years, with four years served in the Department of Correction, four years on house arrest, and two years on supervised probation.

On May 2, the trial court held a guilty plea hearing. At that hearing, Helton acknowledged that she had read and understood seventeen paragraphs in an advisement of rights form, that she had reviewed that form with her attorney,

and that she had signed and dated that form. The court then orally advised Helton of her rights, after which she informed the court that she understood that, by pleading guilty, she would be waiving those rights. And the court informed Helton that,

> once I accept the terms and conditions of this plea agreement, I become bound by it the same as you are. So if you come back to me at a later point, say a year down the road, and say, Judge, I no longer like this plea agreement, there's nothing I can do about it. Once I accept the plea agreement, I become a party to it the same as you are. That means the only way this plea agreement can be altered after I accept it is if all the parties agree. That means you, your attorney, the State of Indiana[,] and me. Do you understand that?

Guilty Plea Tr. at 15. Helton confirmed that she understood the court's advisement. Helton then established a factual basis for her guilty plea under oath, and the court took her plea under advisement pending sentencing.

[5] After the guilty plea hearing but before her sentencing hearing, Helton changed counsel and filed a motion to withdraw her guilty plea. The court consolidated a hearing on the motion to withdraw the guilty plea with the scheduled sentencing hearing. At that hearing, Helton testified as follows:

> Q [by Helton's counsel]: Did [your prior counsel] advise you of your rights? That, you signed an advisement of rights[?]
>
> A: Yes. Yes.
>
> Q: Did you read that?

A: Yes.

Q: And did you discuss that with him?

A: Yes.

Q: And so you understood that part of it?

A: Yes.

Q: You just . . . you feel that, um, maybe his, um, advising . . .

A: Yeah. I don't feel right. Yes. I don't feel like he done what he should now, knowingly that, done his part . . . . I signed myself into drug and alcohol classes and all that and was goin' to AANA, and he basically told me that it was for nothing. That I was going to prison anyway. That I should just spend my time with my family and, and make the best of what time I had free. And I'm beating myself up. Thought that sounded plausible and so that's what I proceeded to do. Until I talked to other people at a later moment did I think that that was probably not the right decision on my part, and his as my lawyer. So that's when I [sought] different counsel.

Sent. Tr. at 10-11. In the PSI, the probation department clarified Helton's position:

> The defendant did not discuss the factual basis of the current offense during her presentence investigation interview, but she did talk about her reasons for requesting that her guilty plea be withdrawn.
>
> * * *
>
> After she pled guilty to the current offense, the defendant had a conversation with a friend who told her that, with a better

defense attorney, she could probably negotiate a plea agreement that did not involve her going to prison. After the conversation with her friend, Ms. Helton decided [to] spend the money she had saved up to hire her current defense attorney . . . to see if her deal could be re-negotiated.

Appellant's App. at 135.

[6] After hearing Helton's testimony and reviewing the PSI, the trial court denied Helton's motion to withdraw her guilty plea. The court then accepted Helton's plea agreement and sentenced her according to the terms of that agreement. This appeal ensued.

## Discussion and Decision

[7] Helton argues that the trial court abused its discretion when it denied her motion to withdraw her guilty plea. As our supreme court has explained: "When a defendant moves to withdraw [her] guilty plea after its entry but before sentencing, the trial court's ruling on the motion is reviewable only for an abuse of discretion." *Trueblood v. State*, 587 N.E.2d 105, 110 (Ind. 1992). Further:

Indiana Code § 35-35-1-4(b) governs motions to withdraw guilty pleas. After a defendant pleads guilty but before a sentence is imposed, a defendant may motion to withdraw a plea of guilty. *Id.* The court must allow a defendant to withdraw a guilty plea if "necessary to correct a manifest injustice." *Id.*

By contrast, the court must deny the motion if withdrawal of the plea would "substantially prejudice[ ]" the State. *Id.* In all other

> cases, the court may grant the defendant's motion to withdraw a guilty plea "for any fair and just reason." *Id.*

*Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001) (footnotes omitted).

[8] The trial court did not abuse its discretion when it denied Helton's motion to withdraw her guilty plea. Helton did not allege that she entered her plea or waived her rights unknowingly or involuntarily. She did not allege that she was ill-advised by counsel when she entered into the plea agreement and waived her rights. Rather, the only basis for her motion was to try to renegotiate better sentencing terms. We cannot say that a trial court abuses its discretion when it denies a motion to withdraw a guilty plea where this is the only basis for the motion. *See, e.g.*, *Trueblood*, 587 N.E.2d at 109 (holding that the trial court did not abuse its discretion when it denied a motion to withdraw a guilty plea when the circumstances before the court suggested that the defendant was being manipulative).

[9] Moreover, the crux of Helton's argument on appeal is two-fold: first, that the sentence she agreed to was unfair in light of the facts; and, second, that the State presented no evidence that it would have been substantially prejudiced by the withdrawal of Helton's guilty plea. But, first, the trial court was not obliged to accept Helton's conclusion that withdrawal of her plea would have been "fair and just." I.C. § 35-35-1-4(b). And, second, the court denied Helton's motion in an exercise of its discretion; it did not deny her motion based on the theory that granting the motion would substantially prejudice the State. Thus, Helton's arguments on appeal must fail. We affirm the trial court's judgment.

Affirmed.

Baker, J., and Friedlander, J., concur.